Bergh, as Commissioner of Banking, Respondent, vs. Se-
curity Savings Bank, Respondent, and others, Appel-
lants.

*September 9—September 27, 1904.*

*Banks: Insolvency: Winding-up action, by whom to be brought:
Substitution of parties.*

Ch. 234, Laws of 1903, does not authorize the commissioner of
banking to bring an action to sequestrate the property and
wind up the affairs of a state bank; and such an action having
been brought by him, the application of creditors of the bank
to be substituted as plaintiffs should have been granted.

Appeal from an order of the circuit court for Ashland
county: John K. Parish, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Sanborn, Lamo-
reux & Pray,* and oral argument by *A. T. Pray.*

For the respondents there was a brief by the *Attorney Gen-
eral* for the plaintiff, and *Richard Sleight* and *Edward Fos-
ter* for the receiver, and the cause was argued orally by *Mr.
Sleight.*

Winslow, J.    This is an appeal from an order refusing to
grant the motion of the appellants, *Lohman* and others, to be
substituted as plaintiffs in the action for the plaintiff *Bergh.*
The action is one in equity to sequestrate the property of a
state bank and wind up its affairs.    It appears by the com-
plaint that the directors of the bank placed the same in the
hands of the commissioner of banking February 13, 1904,
and that the commissioner on the following day commenced
this action against the bank alone, and a receiver was ap-
pointed.    Three days thereafter, the appellants, *Lohman* and
others, upon verified petition showing that they were credit-
ors of the bank in large amounts, and that the same was in-
solvent, and that the officers and stockholders had been guilty
of mismanagement in various ways, moved that they be sub-

stituted as plaintiffs for the commissioner of banking, and they appeal from an order denying the motion.

It is clear to our minds that the motion should have been granted. It was denied, apparently, on the ground that by ch. 234, Laws of 1903, the commissioner of banking was endowed with power to bring such actions in his own name. There is no foundation for this claim. There is no word or sentence in the entire chapter conferring any such right, in terms, nor can such an intention be inferred therefrom. On the other hand, the statutes regulating the procedure in actions of this nature (viz., secs. 3218, 3219, *et seq.,* Stats. 1898) remain untouched by said ch. 234. Sec. 3219 provides, in express terms, that the action may be brought by the attorney general in the name of the state, or by any creditor or stockholder of such corporation. Why it should be supposed that the commissioner of banking *is added* to the list of plaintiffs by ch. 234 we are at a loss to understand. Having actually brought the action, the application of the creditors to be substituted for him should at once have been granted.

*By the Court.*—Order reversed, and action remanded with direction to grant the motion for substitution.